MEMORANDUM *
Lamont petitions for review from a decision of the Board of Immigration Appeals (Board) affirming the immigration judge’s denial of Lamont’s application for asylum, withholding of removal, and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.
*305 For Lamont to be eligible for asylum, he was required to establish that he is “a refugee,” meaning that he “is unable or unwilling to return to, and is unable or unwilling to avail himself ... of the protection of, [Jamaica] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42).
The Board found that Lamont could safely relocate within Jamaica given the fact that his mother had relocated to the countryside, and Lamont cites no evidence in the record compelling a contrary result. Parussimova v. Mukasey, 555 F.3d 734, 738 (9th Cir.2009) (Board’s factual findings may be reversed “only if the evidence in the record compels a contrary result”); Fed. R.App. P. 28(a)(9)(A) (appellant’s brief must contain citations to the parts of the record on which the appellant relies). This is fatal to Lamont’s application for asylum. 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(2)(h).
Furthermore, Lamont did not submit evidence that his assailants threatened him to cease his low-level political activities with the People’s National Party (PNP) or sought to influence his participation in the electoral process. In light of the evidence that politics and gangs are intertwined in Jamaica, that the police believed Lamont to be a PNP gang member with information regarding the location of guns, and that Lamont’s letters of support described him as a victim of “gang violence” or a “gang war,” the Board was not compelled to find that Lamont’s political opinion, as opposed to imputed PNP gang activities, was “at least one central reason” for any persecution. 8 U.S.C. § 1158(b)(1)(B)(i).
Lamont also failed to establish persecution or a reasonable fear of persecution on account of his membership in a particular social group. The social group in which Lamont now claims membership — “politically active residents of garrison communities in Jamaica, or politically active families in the garrison communities in Jamaica” — is too broadly defined to qualify as a social group because its parameters include individuals with inherently diverse lifestyles, interests, cultures, and political leanings. See Ochoa v. Gonzales, 406 F.3d 1166, 1171 (9th Cir.2005). Additionally, any persecution on account of Lamont’s imputed gang membership cannot qualify him for asylum. See Arteaga v. Mukasey, 511 F.3d 940, 946 (9th Cir.2007) (gangs are not social groups).
Because Lamont failed to show that he is eligible for asylum, his application for withholding of removal also fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Lamont’s application for CAT protection fails because he did not submit evidence compelling the Board to conclude that he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment that either is not lawfully sanctioned by Jamaica or is lawfully sanctioned but defeats the object and purpose of CAT. Nuru v. Gonzales, 404 F.3d 1207, 1221 (9th Cir.2005). The Board’s finding that Lamont could safely relocate undercuts his claim that he is more likely than not to be tortured, and the trial and conviction of Lamont’s brother’s assailant undercuts Lamont’s claim that he will be subject to lawfully sanctioned torture. See 8 C.F.R. § 1208.16(c)(3).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.